**KING MOENCH & COLLINS, LLP**
Matthew C. Moench, Esq. (031462007)
51 Gibraltar Drive, Suite 2F
Morris Plains, New Jersey 07950
T: (973) 998-6860
F: (973) 998-6863
mmoench@kingmoench.com
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LANCE T. LUCARELLI, in his capacity as a candidate and as an individual taxpayer and voter; LANCE II LUCARELLI, as an individual taxpayer and voter; and DANE LUCARELLI, as an individual taxpayer and voter,<br><br>Plaintiffs,<br>vs.<br><br>MADELENE C. MEDINA, in her official capacity as MUNICIPAL CLERK, the CITY OF BAYONNE, E. JUNIOR MALDONADO, in his official capacity as HUDSON COUNTY CLERK, and JOHN DOES I-X (fictitious names), jointly, severally, and in the alternative,<br><br>Defendants. | VIA ELECTRONIC CASE FILING<br><br>DOCKET NO.:<br><br>Civil Action<br><br>**VERIFIED COMPLAINT**<br><br>**IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

Plaintiffs, by way of Verified Complaint, hereby state as follows:

## PARTIES

1. Plaintiff Lance T. Lucarelli ("Lucarelli") is a resident of 199 West 21st Street, Bayonne, New Jersey.

2. Plaintiff Lance II Lucarelli is a resident of 199 West 21st Street, Bayonne, New Jersey. He is a registered voter in Bayonne and signed the nominating petition for Lucarelli.

3. Plaintiff Dane Lucarelli is a resident of 199 West 21st Street, Bayonne, New Jersey. He is a registered voter in Bayonne and signed the nominating petition for Lucarelli. (Plaintiffs Lance II Lucarelli and Dane Lucarelli are collectively referred to as the "Voters").

4. Defendant Madeline Medina (the "Clerk") is the Municipal Clerk for the City of Bayonne, whose principal offices are located at 630 Avenue C, Bayonne, New Jersey 07002.

5. Defendant City of Bayonne ("City" or "Bayonne") is a municipal corporation, whose principal offices are located at 630 Avenue C, Bayonne, New Jersey 07002.

6. Defendant E. Junior Maldonado ("Maldonado" or "County Clerk") is the Hudson County Clerk, whose principal offices are located at 257 Cornelison Avenue, Jersey City, New Jersey 07302. Maldonado is a necessary party to this action as his office is responsible for printing ballots and engaging in other election-related activities.

7. Defendants John Does I-X are persons, organizations, entities, and/or businesses, whose identities are presently unknown to Plaintiffs, who are and/or were responsible in some capacity for directing that Plaintiff Lance T. Lucarelli's name not be placed on the election ballot in the upcoming Bayonne Municipal Election.

**JURISDICTION AND VENUE**

8. This Court has federal question jurisdiction over Plaintiffs' claims alleging violations of Plaintiffs' rights under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 ("Section 1983"), pursuant to 28 U.S.C. § 1331.

9. This Court has supplemental jurisdiction over Plaintiffs' claims alleging violations of Plaintiffs' rights under the New Jersey Civil Rights Act ("NJCRA"), N.J. Stat. Ann. § 10:6-1 et seq., pursuant to 28 U.S.C. § 1367.

10. Venue is proper under 28 U.S.C. § 1391 as the locus of the relevant events is in the District of New Jersey.

## **FACTUAL BACKGROUND**

11. Plaintiff Lance T. Lucarelli is a resident of Bayonne, having lived there since 1997, having raised his children Lance II Lucarelli and Dane Lucarelli in the City, and continuing to live there. He is the president and CEO of The L Group, which has completed real estate build projects throughout the State of New Jersey. Plaintiff has never previously run for elected office.

12. Plaintiff Lance II Lucarelli is a voter in Bayonne. He signed his father's petition and intends to vote for him in the 2026 Bayonne Mayoral election.

13. Plaintiff Dane Lucarelli is a voter in Bayonne. He signed his father's petition and intends to vote for him in the 2026 Bayonne Mayoral election.

14. Bayonne holds non-partisan May elections, and is governed by the Uniform Nonpartisan Elections Law, N.J. Stat. Ann. § 40:45-5, et seq. ("UNEL"). The election this year is May 12, 2026.

15. Pursuant to N.J. Stat. Ann. § 40:45-8, petitions of nomination must be filed on or before the 75th day of the May election. This year, that date was February 26, 2026 at 4 PM.

16. In the proceeding three days, the state was under a state of emergency from the snow storm, pursuant to Executive Order No. 14.

17. The UNEL requires that, in a municipality having in excess of 50,000 residents, candidates obtain at least 100 signatures in support of their candidacy.

18. On February 26, 2026, Plaintiff Lance T. Lucarelli submitted more than 100 signed petitions in support of his candidacy. Plaintiff did not maintain a copy of the petitions submitted prior to turning them in to the City Clerk.

19. In response to a request by Plaintiff, the Clerk's office provided a copy of 102 petitions they marked as received on February 26, 2026. The 102 petitions marked as received on February 26, 2026 are attached hereto as **Exhibit A.**

20. Plaintiff believes he submitted more than 102 petitions to the Clerk's Office on February 26, 2026, which were not included in the returned petitions.

21. Pursuant to N.J. Stat. Ann. § 40:45-9, when a petition is presented to the municipal clerk, the clerk shall "examine it and ascertain whether or not it conforms to the provisions of this act and, where applicable, the provisions of the general election laws. If it does not conform, [the clerk] shall retain the petition and **notify the person nominated of the defect, by written notice delivered to him personally or by certified mail to his place of residence stated in the petition**." N.J. Stat. Ann. § 40:45-9(c) (emphasis added).

22. The Clerk, however, failed to comply with the requirements of N.J. Stat. Ann. § 40:45-9, and never provided written notice of her decision regarding the petitions submitted by Plaintiff, or an explanation as to why she deemed Plaintiff's petitions not to be in conformance with the UNEL.

23. Instead, the Clerk simply handed Plaintiff a stack of petition signatures that the Clerk appeared to indicate where not acceptable. The alleged deficient petitions are attached hereto as **Exhibit B**. No written notice was ever delivered as required by the statute, nor any explanation as to what steps could be taken by Plaintiff, if any, to either contest the Clerk's determinations or to correct the alleged deficiencies.

24. Pursuant to N.J. Stat. Ann. § 40:45-9(d), when a nominating petition is defective, a candidate has until Monday, March 2, 2026 to file an amendment or otherwise attempt to address the defect, although new signatures cannot be added. However, without an understanding of the

deficiencies, the timeline, or the process, Plaintiff here was deprived of a meaningful opportunity to gain access to the ballot to address the alleged deficiencies.

25. With no guidance, Plaintiff attempted to gather more signatures, and on Monday, March 2, 2026, Plaintiff resubmitted the returned petitions, along with 33 additional petitions which were not stamped as received or considered by the Clerk. The 33 additional petitions submitted to the Clerk's Office on March 2, 2026 are attached hereto as **Exhibit C**.

26. No challenge was made by any other candidates or residents to Plaintiff's petitions. Instead, any challenges to the petitions originated solely by the Clerk.

27. Plaintiff was not certified as a candidate and his name was not considered as part of the ballot draw process which occurred on Thursday, March 12, 2026.

28. As a result of the Clerk's failure to comply with the required ballot access statute and provide written notice and explanation for the basis for her decision to disqualify Plaintiff's nominating petitions, Plaintiff was deprived of the statutorily guaranteed opportunity to correct any alleged deficiencies. This violated Plaintiff's rights to have his name appear on the ballot, and deprived the Voter Plaintiffs, and all of the signers of Plaintiff's petitions, the opportunity to vote for Plaintiff on the ballot in the upcoming 2026 Bayonne Mayoral election.

29. In addition, the Clerk's failure to provide a written explanation deprived Plaintiff and continues to deprive Plaintiff of a meaningful opportunity to challenge the initial basis for the Clerk's decision to disqualify the nominating petitions.

30. The Clerk's unexplained actions further violate the constitutional rights of the Plaintiff to have his name appear on the ballot, and more importantly, the rights of the Voter Plaintiffs to have a candidate of their choice appear on the ballot in the 2026 Bayonne Mayoral election.

31. Furthermore, the scope of the Clerk's review under the UNEL is not intended to mean the Clerk should undertake a voter-by-voter analysis as to each signature. Instead, the Clerk's review is limited to determining whether the required number of signatures are submitted in the proper format, with the required certifications, and so on.

32. Other candidates or interested parties can subsequently challenge the individual signatories to allege specific issues with a particular voter. Here, the Clerk apparently took it upon herself to do that job, exceeding the scope of her authority under the statute.

33. As such, the Clerk acted in an arbitrary, capricious and unreasonable manner, exercising her authority as the Municipal Clerk to deprive Plaintiff and the Voter Plaintiffs of their rights, impacting the upcoming election and placing the Clerk's thumb on the scale to disfavor one candidate to the benefit of the other candidates.

34. Pursuant to N.J. Stat. Ann. § 19:14-1, the deadline for the Clerk to prepare the official primary ballot for printing is March 13, 2026.

35. Pursuant to N.J. Stat. Ann. §§ 19:63-5 and 19:63-9, the commencement of mailing of mail-in ballots for the primary election is March 28, 2026.

36. Plaintiffs stand to suffer irreparable harm, in the form of election ballots being printed without Plaintiff Lance T. Lucarelli listed on them, unless this Court issues a temporary restraining order and holds a prompt hearing for preliminary injunctive relief.

**REQUEST FOR INJUNCTIVE AND DECLARATORY RELIEF- FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983 – (COUNT ONE)**

37. Plaintiffs hereby incorporate by reference the previous allegations of the Verified Complaint as if set forth at length herein.

38. Under the Fourteenth Amendment and Section 1983, Lucarelli has a right to seek public office, which has been violated by the Clerk's failure to act in conformance with N.J. Stat. Ann. § 40:45-9.

39. Under the Fourteenth Amendment and Section 1983, Lucarelli has a right to equality of treatment, which has been violated by the Clerk's decision not to provide him with the required information so as to be able to qualify like the other candidates.

40. Under the Fourteenth Amendment and Section 1983, Lucarelli and the Voters have a right to vote for a candidate of their choosing, which has been violated by the Clerk's failure to comply with N.J. Stat. Ann. § 40:45-9 and the related provisions of the Uniform Nonpartisan Election Law.

41. The Clerk's decision to disqualify Lucarelli's nominating petitions without written explanation or decision is arbitrary, capricious, and unreasonable, depriving Plaintiffs, the public, and this Court from a full review of the Clerk's decision to deprive the voters of the opportunity of selecting Lucarelli on the ballot.

WHEREFORE, Plaintiffs respectfully request that this Court:

(a) Enjoin all ballot printing involving the 2026 municipal election for Bayonne Mayoral election pending further order of this Court;

(b) Enjoin the production and printing of any ballots involving the 2026 municipal election for Bayonne Mayor in which Lucarelli's name is not included as a candidate for Mayor;

(c) Award attorney's fees, costs, interest, and such other relief as the Court deems equitable and just.

**REQUEST FOR INJUNCTIVE AND DECLARATORY RELIEF – NEW JERSEY CIVIL RIGHTS ACT (COUNT TWO)**

52. Plaintiffs hereby incorporate by reference the previous allegations of the Verified Complaint as if set forth at length herein.

53. Under the NJCRA, Lucarelli has a right to seek public office, which has been violated by the Clerk's actions and inactions in failure to comply with N.J. Stat. Ann. § 40:45-9 and the UNEL.

54. Under the NJCRA, Lucarelli has a right to equality of treatment, which has been violated by the Clerk's decision not to provide him with the required information so as to be able to qualify like the other candidates.

42. Under the NJCRA, Lucarelli and the Voters have a right to vote for a candidate of their choosing, which has been violated by the Clerk's failure to comply with N.J. Stat. Ann. § 40:45-9 and the related provisions of the Uniform Nonpartisan Election Law.

43. The Clerk's decision to disqualify Lucarelli's nominating petitions without written explanation or decision is arbitrary, capricious, and unreasonable, depriving Plaintiffs, the public, and this Court from a full review of the Clerk's decision to deprive the voters of the opportunity of selecting Lucarelli on the ballot.

WHEREFORE, Plaintiffs respectfully request that this Court:

(a) Enjoin all ballot printing involving the 2026 municipal election for Bayonne Mayoral election pending further order of this Court;

(b) Enjoin the production and printing of any ballots involving the 2026 municipal election for Bayonne Mayor in which Lucarelli's name is not included as a candidate for Mayor;

(c) Award attorney's fees, costs, interest, and such other relief as the Court deems equitable and just.

By: /s/ Matthew C. Moench
Matthew C. Moench, Esq.
King Moench, & Collins, LLP
51 Gibraltar Drive, Suite 2F
Morris Plains, New Jersey 07950
(973) 998-6860
mmoench@kingmoench.com
Counsel for Plaintiffs

Dated: March 12, 2026

**VERIFICATION**

I, Lance Lucarelli, being duly sworn, depose and say that I have read the foregoing Verified Complaint and know the contents thereof. The statements contained in the Verified Complaint are true to the best of my personal knowledge.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: March 12, 2026

LANCE LUCARELLI